979 F.2d 852
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Reggie WESLEY, Plaintiff-Appellant,
v.
Robert WOOD, Defendant-Appellee.
 No. 92-1364.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1992.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's summary judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Gary Reggie Wesley maintained that he was confined in a "quiet cell" in violation of his rights of due process under the Fourteenth Amendment. He further maintained that the conditions of confinement violated the Eighth Amendment protection against cruel and unusual punishment. Defendant is the Resident Unit Manager responsible for placing Wesley in the alleged quiet cell.
 
 
 3
 Upon review, we conclude that summary judgment was proper. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 Wesley was not entitled to any particular process under the quiet cell rules, see Olim v. Wakinekona, 461 U.S. 238, 250 (1983), and he received all the process he was due following the closing of the second door to his cell. See Hewitt v. Helms, 459 U.S. 460, 473 (1983). Defendant was not deliberately indifferent to Wesley's need for psychological treatment and care. See Estelle v. Gamble, 429 U.S. 97, 107 (1976). Finally, Wesley's claims of isolation are unsupported and do not reach the level of a constitutional violation.
 
 
 5
 Accordingly, the request for the appointment of counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.